# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 20, 2008

Clifford W. Taylor,
Chief Justice

136383

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

In re KYANDRE BROOKS, a Minor.

_____/

DEPARTMENT OF HUMAN SERVICES,
   Petitioner-Appellee,

v

NEHEMIAH GREGORY,
   Respondent-Appellant.

_____/

SC: 136383
COA: 283281
Washtenaw CC
Family Division: 05-000123-NA

   On order of the Court, the application for leave to appeal the February 20, 2008 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals. That court shall treat the respondent's claim of appeal as having been timely filed, reinstate the appeal, and decide the case on an expedited basis. The respondent's *pro bono* counsel failed to file a claim of appeal within 14 days after entry of the order terminating parental rights or a motion for rehearing in the trial court within the 14-day time period set out in MCR 7.204(A)(1)(c), resulting in the Court of Appeals administratively dismissing the respondent's claim of appeal. Thus, the respondent was deprived of his appeal of right as a result of ineffective assistance of counsel.

   We do not retain jurisdiction.

   CORRIGAN, J., concurs and states as follows:

   I join the order remanding this matter to the Court of Appeals. I write separately only to observe that the Attorney Grievance Commission (AGC) may wish to investigate the conduct of respondent's appellate counsel. On February 20, 2008, the Court of Appeals dismissed respondent's claim of appeal as untimely. The Court of Appeals noted that respondent had "failed to file the motion for rehearing within 14 days of the November 13, 2007 order terminating parental rights as required by MCR 7.204(A)(1)(c)." Respondent's counsel argues that MCR 3.992(A) should control, but his motion was untimely under that rule as well. This missed deadline not only prejudices counsel's client and the future of respondent's child, but also Michigan's compliance with federal audit requirements pursuant to the current Child and Family Services Review. For these reasons, the dismissal by the Court of Appeals warrants AGC scrutiny.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 20, 2008

_____
Clerk

d0617